United States District Court
Southern District of Texas
**ENTERED**
April 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MARIE STRIEDER, TDCJ #2429665, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-1065 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The court has received a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) from Karen Marie Strieder (TDCJ #2429665), who is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

### I. Background

Public records reflect that Strieder is serving a 5-year prison sentence in TDCJ as the result of a conviction entered against her on January 3, 2023, for evading arrest with a motor

vehicle in Colorado County Case No. CR22-059.[1] Strieder executed the pending federal habeas corpus Petition on March 8, 2024.[2] Strieder contends that she is entitled to relief under 28 U.S.C. § 2254 because she is innocent.[3] Because it is evident that Strieder has not yet raised this claim in state court, her Petition is subject to dismissal for lack of exhaustion.

## II. **Discussion**

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. See Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement a Texas prisoner must raise her claims before the Texas Court of Criminal Appeals. See Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985) ("[T]he exhaustion doctrine requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts.").

---

[1] See Texas Department of Criminal Justice Offender Information, available at: https://inmate.tdcj.texas.gov (last visited April 4, 2024).

[2] Petition, Docket Entry No. 1, p. 15. For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[3] Id. at 5.

A Texas criminal defendant may exhaust remedies by taking one of two paths to the Texas Court of Criminal Appeals. The first path is a direct appeal from a judgment of conviction followed by a petition for discretionary review in the Texas Court of Criminal Appeals. <u>See</u> Tex. R. App. P. 68.1. The second path is an application for a post-conviction writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure filed in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. <u>See</u> Tex. Code Crim. Proc. art. 11.07 § 3(b)-(c). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." <u>Busby v. Dretke,</u> 359 F.3d 708, 723 (5th Cir. 2004).

The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity . . . designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Anderson v. Johnson,</u> 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotation marks omitted). Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Strieder states that she does not know if she filed a direct appeal from her conviction for evading arrest,[4] but a search of

---

[4]Petition, Docket Entry No. 1, p. 2 ¶ 8.

-3-

publicly available state court records reflects that she did not pursue an appeal and the time to do so has expired. See Tex. R. App. P. 26.2(a)(1). Likewise, there is no record showing that she has filed an application for a state post-conviction writ of habeas corpus under Article 11.07. Because state habeas corpus review remains available, Strieder does not show that she fits within a recognized exception to the exhaustion doctrine. Under these circumstances, the pending federal habeas Petition must be dismissed without prejudice for lack of exhaustion. See Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").

### III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Id. Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Karen Marie Strieder (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 4th day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE